UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

                Plaintiff,

        v.                                Case No. 22-cv-500-bhl

MILWAUKEE COUNTY, et al.,

                Defendants.

## SCREENING ORDER

       Plaintiff Travis Dickerson, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 22, 2022, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 9. The Court concluded that Dickerson failed to state a Fourth Amendment unreasonable search claim because he did not allege that the warrant used to search his 2x4 metal locker was issued without probable cause and, in fact, had affirmatively alleged facts suggesting the search was appropriate. *Id*. at 5-6. The Court further concluded that Dickerson failed to state a Fourteenth Amendment deprivation of property claim because he had adequate post-deprivation remedies under Wisconsin state law. *Id*. at 7. And the Court noted that although Dickerson had mentioned other amendments (*i.e.*, the First, Fifth, and Eighth Amendments), he did not allege any facts implicating those amendments. The Court therefore dismissed the original complaint but gave Dickerson an opportunity to file an amended complaint to attempt to state a claim. *Id*. at 7-8.

On August 11, 2022, Dickerson filed an amended complaint. *See* Dkt. No. 10. Because the amended complaint sufficiently alleges a Fourth Amendment claim, the Court will allow Dickerson to proceed on it, but it will dismiss the remainder of the claims and defendants as improperly joined under Federal Rules of Civil Procedure 18 & 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### ALLEGATIONS OF THE AMENDED COMPLAINT

At the relevant time, Dickerson was an inmate at the Milwaukee House of Corrections (HOC) who was later transferred to the Milwaukee County Jail (MCJ). Dkt. No. 10 at 1. Defendants are Milwaukee County, Milwaukee County Jail, Milwaukee County Detective Sarah Blomme, HOC Superintendent Chanel Jewel, HOC Sergeant Jump, and HOC Captain Laird. *Id.*

On December 7, 2021, Jewel, Laird, and Jump placed Dickerson in segregation at HOC pending an "investigation." *Id.* at 2. Jewel and Laird kept Dickerson in segregation for 72 days without allowing him to have any legal paper, legal work, pen, pencil, or incoming/out-going mail from his criminal defense attorney. *Id.* at 3. Dickerson also was not allowed to communicate with his attorney over the phone. *Id.*

On December 14, 2021, Blomme and Assistant District Attorney (ADA) Karshen (not a defendant) served Dickerson with a warrant to search his locker "which lacked probable cause and was not supported by an affidavit with search warrant." *Id.* at 2. The search warrant contained "false statements knowingly, intentionally with reckless disregard of the truth." *Id.* Dickerson also alleges that Karshen filed a motion for a no contact order with a family member. *Id.* at 4. According to Dickerson, ADAs usually do not pursue such orders unless the family member was an accomplice, and this particular family member was not involved in any of his criminal cases as a witness or a co-defendant. *Id.*

The Milwaukee County Jail also violated Dickerson's rights. *Id.* at 4. The jail goes "weeks at a time" without distributing clean linen and soap. *Id.* Dickerson states, "we are lucky to get a change of clean linen once a week." *Id.* Dickerson got a rash on his arms/private areas due to the linens, and both the "medical department" and the "laundry room dept" ignored his complaints. *Id.* Dickerson says that living at the jail while Covid-19 "is at its peak and prone to spread through the facility" is inhumane. *Id.* at 5.

Dickerson states he is currently in "General Population Restricted," which means there is a court order that restricts telephone use, visitation, and mail from anyone other than defense counsel. *Id.* His family members have had difficulty providing him money for items at the canteen. *Id.* Dickerson says that being in jail has made him "indigent," and having to "depend" on the jail for meals, a cot, tissue, soap, shower, and clean clothes puts him in a "uncompromising predicament." *Id.* For relief, he seeks monetary damages. *Id.* at 6.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Dickerson asks to procced on the following claims: (1) a Fourth Amendment unlawful search claim against Blomme; (2) a First Amendment access to the courts claim against Jewel, Laird, and Jump; (3) a Sixth Amendment right to counsel claim against Jewel, Laird, and Jump; and (4) an Eighth/Fourteenth Amendment claim against Milwaukee County Jail and/or Milwaukee County.

3

Given that Dickerson has now twice attempted to pursue a Fourth Amendment unlawful search claim, the Court will begin with that claim. To state a Fourth Amendment claim, Dickerson must allege that the warrant used to search his property lacked probable cause. *Jacobs v. City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000). A warrant obtained by presenting "false statements knowingly, intentionally, or with reckless disregard for the truth" lacks probable cause. *See Taylor v. Hughes*, 26 F.4th 419, 426–27 (7th Cir. 2022) (quoting *Franks v. Delaware*, 438 US 154, 155 (1978)). Dickerson alleges that Blomme used a search warrant to search his locker that lacked probable cause and was not supported by an affidavit. He further alleges the search warrant contained false statements knowingly, intentionally with reckless disregard of the truth. Based on these allegations, the Court will allow him to proceed on a Fourth Amendment unreasonable search claim against Blomme. While the factual details alleged are sparse, Dickerson has alleged just enough to get past the pleading stage.

The Court will dismiss the remainder of the defendants and claims under Federal Rules of Civil Procedure 18 & 20. Dickerson may join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a) and 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Dickerson's Fourth Amendment unlawful search claim against Blomme does not arise out of the same events or incidents as his First or Sixth Amendment claims against Jewel, Laird, and Jump or his Eighth/Fourteenth Amendment claim against the Milwaukee County Jail or Milwaukee County. These claims do not involve any questions of law or fact that are common to all the defendants.

4

The alleged violations occurred in different places under different circumstances by different defendants. Thus, the claims against Milwaukee County, the Milwaukee County Jail, Chanel Jewel, Captain Laird, and Sgt Jump will be dismissed from this case. If Dickerson seeks to pursue these claims, he must file different lawsuits and pay separate filing fees.

CONCLUSION

The Court finds that Dickerson may proceed on a Fourth Amendment claim that Blomme conducted an unlawful search of his locker.

**IT IS THEREFORE ORDERED** that the claims against Milwaukee County, Milwaukee County Jail, Chanel Jewel, Captain Laird, and Sgt Jump are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Blomme pursuant to Federal Rule of Civil Procedure 4. Dickerson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Blomme shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on November 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5