UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

    Plaintiff,

    v.                                          Case No. 22-cv-500-bhl

SARAH BLOMME,

    Defendant.

## ORDER

    Plaintiff Travis Dickerson, who is currently in custody at the Milwaukee County Jail and representing himself, is proceeding on a Fourth Amendment claim based on allegations that Defendant Sarah Blomme served him with a search warrant to search his locker that lacked probable cause and was not supported by an affidavit. *See* Dkt. Nos 10 & 12. According to the amended complaint, the search warrant contained "false statements knowingly, intentionally with reckless disregard of the truth." Dkt. No. 10 at 2.

    On January 3, 2023, Defendant filed a motion to dismiss asserting that, according to Dickerson's own amended complaint, he was an inmate at the Milwaukee County House of Corrections at all times relevant to his complaint; therefore, he had no legitimate expectation of privacy in the contents of his jail locker. Dkt. Nos. 19-20. Defendant asserts essentially that jail staff could have searched his jail locker with or without a warrant. Defendant further explains that Seventh Circuit case law has long held that neither convicted prisoners nor pretrial detainees have a legitimate expectation of privacy while incarcerated, *see Hudson v. Palmer,* 468 U.S. 517, 526 (1984) (holding that a convicted prisoner has no reasonable expectation of privacy in his prison

cell entitling him to protection against unreasonable searches) and *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (extending *Hudson* to pretrial detainees), and that the recent exception carved out to that rule is limited to bodily searches, *see Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020) (overruling *Hudson* and *Johnson* "in a severely limited way" on the narrow issue of bodily privacy.) Defendant asserts that Dickerson has not alleged any bodily search, so he does not have a Fourth Amendment unreasonable search claim.

Under Civil Local Rule 7(b), Dickerson's response to the motion would have been due January 24, 2023. But on January 18, 2023, the Court extended that deadline to February 24, 2023. Dkt. No. 23. About a month later, on February 15, 2023, the Court entered a separate order reminding Dickerson to respond to the motion to dismiss and directing him to clarify where his locker was located, *i.e.*, whether it was located at the jail or somewhere outside the jail. Dkt. No. 25 at 3. The deadline to respond has passed, and Dickerson has not responded. Based on review of the amended complaint and Defendant's motion to dismiss, the Court concludes that Dickerson had no reasonable expectation of privacy in the contents of his jail locker and therefore failed to state a Fourth Amendment unreasonable search claim. Further, under Civil Local Rule 7(d), "[f]ailure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion." Therefore, the Court will grant Defendant's motion and dismiss the case.

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Dkt. No. 19) is **GRANTED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.